# Exhibit A

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF <u>CHARLESTON</u> | ) | |
| | ) | |
| <u>KURT BERRY</u> | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2018-CP - 10 - <u>5926</u> |
| vs. | ) | |
| | ) | |
| <u>ALCAMI CAROLINAS CORPORATION</u> | ) | |
| Defendant(s) | ) | |

| | | | |
|---|---|---|---|
| **Submitted By:** <u>Marley N. Grimm</u> | | **SC Bar #:** | 103177 |
| **Address:** <u>8086 Rivers Avenue, Suite A</u> | | **Telephone #:** | 843-553-9800 |
| <u>North Charleston, South Carolina 29406</u> | | **Fax #:** | 843-553-1648 |
| | | **Other:** | |
| | | **E-mail:** | mgrim@wiggerlawfirm.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. **This form is NOT required to be filed in E-Filed Cases.**

## DOCKETING INFORMATION (*Check all that apply*)
**If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) ___ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) ___ |
| ☒ Employment (180) | | ☐ Other (399) ___ | |
| ☐ Other (199) ___ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| **Special/Complex /Other** | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Incapacitated Adult Settlement (790) | |
| ☐ Other (699) ___ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | ☐ Other (799) ___ | |
| ☐ Permanent Restraining Order (680) | | | |
| ☐ Interpleader (690) | | | |

**Submitting Party Signature:** *Marley N Grimm* (signature)     **Date:** <u>December 10, 2018</u>

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (02/2018)                                                    Page 1 of 2

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:    You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF CHARLESTON ) <br> ) <br> KURT BERRY, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> ALCAMI CAROLINAS CORPORATION, ) <br> ) <br> Defendants. ) | IN THE COURT OF COMMON PLEAS <br> NINTH JUDICIAL CIRCUIT <br><br> CASE NO. 2018-CP-10-5926 <br><br><br> SUMMONS |

TO THE ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 8086 Rivers Avenue, Suite A, North Charleston, South Carolina 29406, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

Respectfully submitted,

_____
Marley N. Grim
Wigger Law Firm, Inc.
8086 Rivers Avenue, Suite A
North Charleston, South Carolina 29406
(843) 553-9800
Attorney for Plaintiff

North Charleston, South Carolina
This _____ day of December 2018.

2018 DEC 17 PM 2:00
JULIE J. ARMSTRONG
CLERK OF COURT
FILED

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | NINTH JUDICIAL CIRCUIT |
| ) | |
| KURT BERRY, ) | CASE NO. 2018-CP-10-_____ |
| ) | |
| Plaintiff, ) | |
| vs. ) | **COMPLAINT** |
| ) | **JURY TRIAL REQUESTED** |
| ALCAMI CAROLINAS CORPORATION, ) | |
| ) | |
| Defendants. ) | |

The Plaintiff complaining of the Defendant alleges as follows:

1. Plaintiff, Kurt Berry, is a citizen and resident of Warren County, State of Ohio.

2. Defendant, Alcami Carolinas Corporation, upon information and belief, is a domestic corporation and is operating by virtue of laws of the State of Delaware, and at all times herein operated as a business within the State of South Carolina and the County of Charleston.

3. That in or about October 2015, the Plaintiff and the Defendant entered into an employment relationship whereby the Defendant employed the Plaintiff, most recently as an Operations Support Manager for Defendant's North Charleston South Carolina site.

4. At all times Plaintiff was efficient and effective in his work, receiving positive employee evaluations.

5. For the duration of his employment, Plaintiff was forced to work seventy to eighty hour weeks without compensation for the amount of overtime he had worked.

6. Defendant never compensated Plaintiff for personal mileage, for tools purchased with Plaintiff's own money, and for other miscellaneous equipment purchased by the Plaintiff during in or about the year 2016.

7. On multiple occasions during Plaintiff's employment by the Defendant, Plaintiff was ordered to falsify audits, documents and reports on the sterility and cleanliness of glass vials used in the pharmaceutical industry in violation of FDA standards.

8. At several points during Plaintiff's employment with Defendant the Plaintiff was instructed not to disclose numerous FDA violations that had the potential to increase health risks of patients that were using the items that came from Defendant's facility.

9. Plaintiff was threatened that he would be terminated if he reported any of the FDA violations that he had knowledge of or had personally witnessed.

10. Defendant also ordered documentation regarding these FDA violations and equipment that was not in compliance with FDA standards to be destroyed. Defendant then had new documentation forged in order to hide issues from the DEA and site auditors.

11. Plaintiff would refuse to sign aforementioned false documentation and faced open hostility from the Defendant for this refusal.

12. Plaintiff suffered a fall in his home and had to undergo surgery as a result of this fall.

13. Plaintiff was terminated while home on medical leave after undergoing surgery to repair injuries suffered in the aforementioned fall.

14. Plaintiff's family life, marriage, and career has suffered due to the conduct of the Defendant.

## FOR A FIRST CAUSE OF ACTION
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

15. Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

16. That the unjust wrongful discharge and termination of Plaintiff's employment with the Defendant were the response of the Defendant, its agents and servants, to Plaintiff's refusal to allow improper and illegal practices of the business due to Defendants' disregard of the proper FDA and DEA standards.

17. That the aforesaid conduct of the Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature.

18. That the aforesaid constructive discharge of Plaintiff's employment by the Defendants, their agent and servants, constitutes a violation of a clear mandate of public policy of the State of South Carolina.

19. That as a direct and proximate result of the aforesaid conduct of the Defendants, their agents and servants, Plaintiff has been damaged as aforesaid, both actual and punitive damages, in such amount as a judge and jury may award.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendants for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants for past wages, commissions and any other work benefits she lost in an amount to be determined by the trier of fact, and treble damages:

4. Judgment against the Defendants for actual damages, punitive damages, legal fees, costs and any other relief this Honorable Court deems just and proper.

                                              Respectfully submitted,

                                              */s/ Marly N. Grim*
                                              Marly N. Grim, Esquire
                                              Wigger Law Firm, Inc.
                                              8086 Rivers Avenue, Suite A
                                              North Charleston, South Carolina 29406
                                              (843) 553-9800
                                              Attorney for Plaintiff

North Charleston, South Carolina
This _____ day of November, 2018